UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARIA TELESCA,

                                                                   MEMORANDUM OPINION
                                        Plaintiff,                          and ORDER

                    -against-

                                                                   CV 05-5509 (ADS) (ETB)

THE LONG ISLAND HOUSING PARTNERSHIP,
INC., BAY SHORE PARTNERSHIP HOUSING
DEVELOPMENT FUND COMPANY, INC., TOWN
OF ISLIP, BEECHWOOD SOUTH WIND BUILDING
CORP., NEW YORK STATE DIVISION OF HOUSING
AND COMMUNITY RENEWAL, and TOWN OF
HUNTINGTON,
                                        Defendants.
------------------------------------------------------------------------X

          Presently before the Court is a motion by defendants The Long Island Housing

Partnership, Inc.("LIHP"), Bay Shore Partnership Housing Development Fund Company, Inc.

("Bay Shore Partnership"), Town of Islip, Beechwood South Wind Building

Corp.("Beechwood"), New York State Division of Housing and Community Renewal

("DHCR"), and Town of Huntington (collectively, "defendants") to stay discovery during the

pendency of the defendants' motion to dismiss, now before District Judge Spatt. (Letter from

Peter L. Contini to the undersigned, dated March 17, 2006 ("Defs.' Mot.").)

          In her complaint, plaintiff Maria Telesca ("Telesca"), an individual with a disability,

alleges that the defendants violated Section 504 of the Rehabilitation Act of 1973 and its

implementing regulations when they failed to: "(1) make 5% of homeowner units constructed

with federal funds fully accessible to those with mobility impairments and 2% accessible to

those with visual and auditory impairments; (2) affirmatively market those accessible

homeowner units to persons with disabilities; and (3) administer the lottery for those homeowner

units in [a] manner that ensured persons with disabilities had access to them." (Letter from Lee

D. Vartan to the undersigned, dated March 24, 2006 ("Pl.'s Opp'n"), at 2.)

Defendants argue that proceeding with discovery at this point would be costly and unduly

burdensome, in light of the pending motions to dismiss. (Defs.' Mot. at 3.) Defendants further

argue that plaintiff will not be prejudiced by a stay of discovery considering the amount of time

that plaintiff waited to file her complaint (the source of plaintiff's complaint, the denial of the

purchase of a townhouse, occurred in November 2001, and plaintiff's complaint was not filed

until November 2005). (Id.)

## DISCUSSION

Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during

the pendency of a motion to dismiss for "good cause shown." In re Currency Conversion Fee

Antitrust Litigation, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002);

United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999); Moore v.

Painewebber, Inc., No. 96 Civ. 6820, 1997 WL 12805, at * 1 (S.D.N.Y. Jan. 14, 1997). It is

black letter law that the mere filing of a motion to dismiss the complaint does not constitute

"good cause" for the issuance of a discovery stay. In re Currency Conversion Fee, No. MDL

1409, M21-95, 2002 WL 88278, at *1; County of Nassau, 188 F.R.D. at 188; Moore, 1997 WL

12805, at * 1. Rather, good cause "'requires a showing of facts militating in favor of the stay.'"

In re Currency Conversion Fee, 2002 WL 88278, at *1 (quoting American Booksellers Ass'n v.

Houghton Mifflin Co., No. 94 Civ. 8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995)).

Factors that courts have considered when determining whether or not a stay is appropriate

include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. In re Currency Conversion Fee, 2002 WL 88278, at *1. Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation. Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

Here, all six defendants have joined in the request, and they all raise substantial issues with regard to the viability of plaintiff's complaint. In particular, defendants LIHP and Bay Shore Partnership note that plaintiff filed a similar complaint with the United States Department of Housing and Urban Development ("HUD") and the New York State Division of Human Rights ("DHR"), and that HUD and the DHR issued a preliminary finding which stated that plaintiff failed to complete the application process.[1] (Defs.' Mot. at 2.) LIHP and Bay Shore Partnership contend that because, according to them, plaintiff failed to complete the application process, she cannot allege that she was denied an accessible townhouse solely due to her disability. (Id. at 3.) LIHP and Bay Shore Partnership also argue that Section 504 of the Rehabilitation Act of 1973 does not apply to ownership, as opposed to rental, units (HUD reached this conclusion as well in its preliminary finding), and thus there is no merit to plaintiff's Rehabilitation Act claim. (Id. at 2-3.)

The remaining four defendants, who argue generally that they are only peripherally

_____

[1] Plaintiff notes that her appeal of HUD's preliminary finding has been pending since September 2003. (Pl.'s Mem. in Opp'n at 3.)

connected to the conduct at issue in the complaint, have made adequate showings that the plaintiff's claims against them are potentially without merit. Specifically, the Town of Islip contends that plaintiff's only allegation against it is that Islip contributed $1.5 million to the project; defendant Beechwood contends that it was simply the general contractor for the project and had no involvement with the project other than the construction of the units; defendant DHCR argues that plaintiff's only factual allegation against it is that DHCR serves as a conduit for federal funding to co-defendant LIHP; and the Town of Huntington argues that it played no role in funding the project or conducting the lottery, and that the Huntington Community Development Agency, which facilitated the lottery, is not an agent of the Town of Huntington. (Id. at 3-5.) Defendants' arguments do not appear to be frivolous or unfounded, and a review of the complaint supports the general contention that the bulk of plaintiff's allegations appear to be directed to defendants LIHP and Bay Shore Partnership.

This is a complex case that involves six defendants, including two towns, two not-for-profit corporations, and a state agency. All parties will necessarily incur substantial expenses if and/or when discovery is conducted, and the plaintiff has failed to demonstrate that a stay of discovery, for the purposes of avoiding such expenses during the pendency of the motions to dismiss, would be unfairly prejudicial. See United States v. County of Nassau, 188 F.R.D. 187, 188-89 (E.D.N.Y. 1999) (granting a stay of discovery during the pendency of a motion to dismiss where the "interests of fairness, economy, and efficiency. . . favor[ed] the issuance of a stay of discovery," and where the plaintiff failed to claim prejudice in the event of a stay).

CONCLUSION

4

For the foregoing reasons, defendants' motion to stay discovery during the pendency of the motions to dismiss is granted.

SO ORDERED:

Dated:       Central Islip, New York
             April 27, 2006

                                        /s/ E. Thomas Boyle
                                        E. Thomas Boyle
                                        United States Magistrate Judge